IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Shelia Breckenridge,                    :

        Plaintiff,                      :

    v.                                  :    Case No. 2:06-cv-0358

P E Miller Inc., et al.,                :    JUDGE GRAHAM

        Defendants.                     :

ORDER

        This case is before the Court to consider a motion filed by
plaintiff's counsel, Stanlee L. Culbreath, to withdraw from
further representation of the plaintiff.  Plaintiff, Sheila
Breckenridge, has opposed the motion and has also asked the Court
to appoint a new attorney for her.  Defendants have opposed that
latter request.  For the following reasons, the motion for leave
to withdraw will be denied.

        Withdrawal of counsel is governed by Model Disciplinary Rule
1.16, adopted by the Supreme Court of Ohio on February 1, 2007,
and incorporated into this Court's rules governing the conduct of
attorneys before this Court.  Rule 1.16 provides that withdrawal
may be permitted if, *inter alia*, the client fails substantially
to fulfill an obligation to the lawyer, the representation has
been rendered unreasonably difficult by the client, or the client
has or attempts to use the lawyer's services to perpetrate a
crime or fraud.  The lawyer is specifically obligated, as part of
any effort to terminate representation, to take reasonable steps
to protect the client's interests.

        Here, the motion for leave to withdraw cites the prior rule
(Disciplinary Rule 2-110) as authority.  It asserts that Ms.
Breckenridge (erroneously referred to throughout the motion as

"defendant") has made representation unduly difficult because, in counsel's view, Ms. Breckenridge wishes to continue with the case notwithstanding his view that the case will not survive a summary judgment motion, because she has rescheduled numerous appointments with him, and because she has no more money to pay fees and expenses. Counsel attached to the motion a letter written to Ms. Breckenridge on some unknown date (but after Ms. Breckenridge was deposed on June 12, 2007) advising her that the continuation of the case would probably violate Rule 11, which prohibits the initiation or continuation of frivolous litigation. The letter specifically advised her that *res judicata* would probably bar her efforts to relitigate the fact of her criminal conviction for fraud and forgery while employed by the defendant, and it also demanded the deposit of an additional $5,000.00 for fees and expenses. The motion was not accompanied by an affidavit attesting to the facts recited in the motion, the letter is not authenticated, and counsel has not made any representation concerning the terms of the fee agreement between himself and Ms. Breckenridge.

Ms. Breckenridge's response asserts that counsel was aware of her financial situation when he accepted the case. She, too, fails to provide any details about the terms upon which counsel agreed to represent her. She appears to deny that the case is frivolous, and she opposes the effort by counsel to withdraw.

The Court is very concerned about both the procedural and substantive shortcomings of the motion for leave to withdraw. Apart from the obvious errors (referring to counsel as "defense counsel" and to Ms. Breckenridge as the defendant, and relying upon a now-abrogated provision of the Ohio Code of Professional Responsibility), the attachment of what is undeniably a privileged communication between counsel and client - without any evidence that Ms. Breckenridge waived the privilege - to a

2

publicly-filed document which was served on opposing counsel is
hardly consistent with the admonition that withdrawing counsel
make every effort to protect the client's interests.  It is
customary for any such information to be submitted to the Court
*ex parte* and under seal precisely in order to maintain the
confidentiality of the communications and protect the client's
interests.  See, e.g., Weinberger v. Provident Life & Cas. Ins.
Co., 1998 WL 898309, *1 (S.D.N.Y. December 23, 1998) ("it is
appropriate for a court considering a counsel's motion to
withdraw to consider *in camera* submissions in order to prevent a
party from being prejudiced by the application of counsel to
withdraw").  Indeed, the approach adopted by counsel in this case
may well violate Rule 1.6(a) of the Model Rules of Professional
Conduct ("A lawyer shall not reveal information relating to the
representation of a client, including information protected by
the attorney-client privilege under applicable law, unless the
client gives *informed* consent, the disclosure is impliedly
authorized in order to carry out the representation, or the
disclosure is permitted by division (b) or required by division
(c) of this rule").  Those latter rules do not appear to apply to
this situation.  Finally, none of the statements made in the
motion are either verified or supported by an affidavit, and the
Court does not ordinarily decide such matters based upon
unverified statements.  Cf. Team Obsolete v. A.H.R.M.A. Ltd., 464
F.Supp. 2d 164 (E.D.N.Y. 2006) (noting that facts such as the
nonpayment of agreed-upon fees are ordinarily established by way
of affidavit and filed under seal).

Substantively, the motion is also defective.  The Court
simply cannot determine if there has been a substantial breach of
a financial obligation owed to counsel because counsel has not
informed the Court of the terms of the contractual arrangement
with Ms. Breckenridge for the payment of fees and expenses.  The

fact that she rescheduled some appointments does not demonstrate
that she has been unreasonably uncooperative with counsel.  The
issue relating to the merits of her claim, while posing different
ethical questions (see Model Rule 3.1, making it unethical for an
attorney to controvert any issue in a proceeding unless there is
a non-frivolous basis for doing so), has not yet reached the
point of justifying withdrawal.  Now that defendants have moved
for summary judgment, and Ms. Breckenridge has an obligation to
respond, the matter may be headed for an impasse.  If counsel
believes in good faith that the motion cannot properly be
opposed, and refuse to file a brief, Ms. Breckenridge may well be
in the position of having to seek other counsel, but that could
not have been clearly apparent to counsel at the time the motion
for leave to withdraw was filed because the summary judgment
motion has only been filed in the past few days.

    In short, given the procedural and substantive defects in
the motion that was filed, the Court cannot grant it.  The motion
for leave to withdraw (#23) is therefore denied, as is Ms.
Breckenridge's alternative request for appointment of new counsel
(#26).  Such denials are without prejudice to a renewed motion
that is properly supported, filed under seal and *in camera* if
necessary, and which addresses any additional problems posed by
the recent filing of defendants' motion for summary judgment.

    The Clerk shall mail a copy of this order to the plaintiff
and so note on the docket sheet.

    Any party may, within ten (10) days after this Order is filed,
file and serve on the opposing party a motion for reconsideration
by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R.
Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The
motion must specifically designate the order or part in question
and the basis for any objection.  Responses to objections are due
ten days after objections are filed and replies by the objecting

4

party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge